IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LILIA GARCIA, | § | |
| | § | |
| **Plaintiff,** | § | Civil Action No. **B 03-187** |
| vs. | § | |
| | § | (Removed from the 197TH Judicial District |
| | § | Court of Cameron County, Texas) |
| WARNER-LAMBERT COMPANY, | § | |
| PFIZER, INC. and SALINAS | § | |
| PHARMACY, INC., | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

## DEFENDANTS WARNER-LAMBERT COMPANY LLC AND PFIZER INC.'S NOTICE OF REMOVAL

Defendant Warner-Lambert Company LLC, (incorrectly named as "Warner-Lambert Company")

("Warner-Lambert") and Pfizer Inc. (incorrectly named as Pfizer, Inc.) ("Pfizer") remove this action to the

United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C.

§§ 1332, 1441 & 1446, respectfully showing:

### BACKGROUND

#### The Lawsuit

1.    This is a pharmaceutical product liability case. Plaintiff Lilia Garcia, a diabetic, contends

that she suffered physical and emotional injuries as a result of her use of Rezulin, a prescription medication

which was manufactured by Warner-Lambert for the treatment of adult onset (type 2) diabetes.

2.    Plaintiff asserts causes of action for strict product liability, negligence and gross negligence,

negligent misrepresentation, 402B misrepresentation, fraud, civil conspiracy, breach of continuing duty to

warn, breach of express and implied warranty and medical negligence.[1] *See* PLAINTIFF'S ORIG. PET. at pp.11-19.  Plaintiff seeks actual and punitive damages. *Id.* at pp. 19-20 .

3.      This action was originally filed in the 197th Judicial District Court of Cameron County, Texas on or about May 29, 2003.  The case was numbered and styled by that court as Cause No. 2003-052730-C; *Lilia Garcia v. Warner-Lambert Company, Pfizer, Inc. and Salinas Pharmacy, Inc.*. Warner-Lambert and Pfizer were served with Plaintiff's Original Petition on or after October 6, 2003, through their registered agent for service of process.

### The Parties

4.      Plaintiff Lilia Garcia is, and was at the time this lawsuit was commenced, a resident of the State of Texas. *See* PLAINTIFF'S ORIG. PET. at p.1.  Upon information and belief, plaintiff is, and was at the time this lawsuit was commenced,  a citizen of the State of Texas.

5.      Defendant Warner-Lambert is, and was at the time this lawsuit was commenced, a Delaware limited liability company with its sole shareholder (member) being Pfizer.

6.      Defendant Pfizer is, and was at the time this lawsuit was commenced, a Delaware corporation with its principal place of business in New York.

7.      Defendant Salinas Pharmacy, Inc., upon information and belief correctly named Salinas Pharmacies, Inc. (hereinafter "Salinas Pharmacy"), is, and was at the time this lawsuit commenced, a Texas Corporation with its principal place of business in Texas. *Id.* at p.2.

---

[1]      The plaintiff's medical negligence claim is made against the "Medical Defendants."  There are no health care providers  named in this lawsuit; however, plaintiff defines Salinas Pharmacy as a "Medical Defendant."  *See* PLAINTIFF'S ORIG. PET. at p.2.

## BASIS FOR REMOVAL

## <u>Diversity Jurisdiction</u>

8.    This action could have originally been brought in federal court on the basis of diversity of

citizenship among the parties because:

  (a)    The plaintiff is, and was at the time suit was filed, a resident and
         citizen of Texas (*See* PLAINTIFF'S ORIG. PET., at p.1);

  (b)    all properly joined defendants are businesses organized under the
         laws of states other than Texas which maintain their principal
         offices in states other than Texas; and

  (c)    the amount in controversy in this case exceeds $75,000, exclusive
         of interest and costs.

*See* 28 U.S.C. § 1332(a).

9.    Removal is proper under federal law because this is a civil action brought in state court

over which the federal court has original jurisdiction based on diversity of citizenship. 28 U.S.C. § 1441.

10.    Removal is timely because the case has been removed within 30 days of the date that any

defendant was first served with a copy of Plaintiff's Original Petition.  28 U.S.C. § 1446(a).

11.    The United States District Court for the Southern District of Texas embraces the county

in which the state court action is now pending and, thus, this Court is a proper venue for removal of this

action pursuant to 28 U.S.C. § 124(b).

## <u>Fraudulent Joinder of Salinas Pharmacy</u>

12.    There is no reasonable basis to predict that the plaintiff can state a claim against Salinas

Pharmacy and, therefore, Salinas Pharmacy is fraudulently joined. This is so because Texas law does not

permit recovery against pharmacies pursuant to any of the theories of recovery alleged by plaintiff. Plaintiff does not allege that Salinas Pharmacy filled any prescription for Rezulin improperly, sold an adulterated or contaminated product, was not licensed to sell pharmaceuticals in Texas, sold Rezulin without a prescription, or did anything inconsistent with any physician's prescriptions. As such, the only basis for plaintiff's claim against Salinas Pharmacy revolves around the allegation that Salinas Pharmacy simply should have not sold Rezulin. This type of allegation does not support a claim against a pharmacy under Texas law which has adopted the learned intermediary doctrine. *See Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 462-69 (Tex.App.--Austin 2000, pet. denied) (holding that pharmacy owed no duty to warn of possible adverse reactions or dangerous side effects from prescription drugs); *Dana Lefler, et al. v. Samuel Bennett, M.D., et al.*, Cause No. 2000-C1-13553, slip op. (Bexar County District Court, Jan. 11, 2002) (trial court granting summary judgment in favor of Texas pharmacy as to negligence and strict products liability causes of action asserted by Texas Rezulin plaintiffs); *Sandra Ruiz v. Warner-Lambert, et al.*, C.A. No. 1:02-CV00305, slip op. (E.D. Tex. June 26, 2002) (trial court denied Motion to Remand in a Rezulin case asserting similar claims, finding that "a pharmacist is under no duty to warn customers of potential hazards of prescription medications."); *see also In re Rezulin Prods. Litig.*, 133 F.Supp.2d 272, 294 (S.D.N.Y. 2001) (holding that Texas Rezulin plaintiff could not sustain strict products liability claim against pharmacy under Texas law) (*"Rezulin I"*). For the same reasons detailed in these cases, there is no reasonable basis to predict that the plaintiff in this case can establish liability against Salinas Pharmacy under the facts alleged. *Badon v. R.J.R. Nabisco*, 224 F.3d 382, 393, (5th Cir. 2000). As such, Salinas Pharmacy has been fraudulently joined.

13.    Salinas Pharmacy is fraudulently joined for another, independent reason. Plaintiff's petition does not make any case-specific claims against Salinas Pharmacy or set forth a single case-specific fact relevant to the plaintiff, her medical condition, or her care and treatment.  For example, the plaintiff provides no information about the dates that she allegedly took Rezulin or when she allegedly filled her Rezulin prescriptions at Salinas Pharmacy. In light of the tenor of the plaintiff's allegations, Salinas Pharmacy is fraudulently joined because plaintiff's conclusory allegations against Salinas Pharmacy fail to provide sufficient notice of the claims being asserted and, therefore, Salinas Pharmacy is fraudulently joined. *See In re: Rezulin Prods. Liab. Litig.* 2003 WL 43356 (S.D.N.Y. Jan. 6, 2003) ("PTO-122"); *In re: Rezulin Prod. Liab. Litig.* 2002 WL 31852826 (S.D.N.Y. Dec. 18, 2002) ("PTO-121"). ("the main tenor of plaintiffs' complaints [in the Rezulin MDL proceeding] is that Rezulin was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others . . . an entirely conclusory allegation that the physicians failed to warn is insufficient.") *See also In re: Baycol Prod. Liab. Litig.*, 2003 WL 21223842 (D. Minn May 27, 2003) (". . . the main thrust of this action is that the Baycol Defendants misrepresented Baycol's risks and failed to adequately warn of such risks.  Plaintiff has not included any factual assertions in her Complaint to support the conclusory allegation that [the doctor] knew or should have known of Baycol's risks. Her conclusory allegations, however, will not defeat a finding of fraudulent joinder.")  For these reasons, Salinas Pharmacy is fraudulently joined.

14.    Moreover, as a separate and independent basis for fraudulent joinder, the majority of plaintiff's petition is devoted to claims that Warner-Lambert and Pfizer misled the professional and consuming public about the risks of Rezulin and that they failed to properly and adequately notify virtually

everyone that Rezulin was defective and unreasonably dangerous. PLAINTIFF'S ORIG. PET. at pp.6-19.

Plaintiff's assertions as to the alleged conduct of Warner-Lambert and Pfizer on the one hand and the

alleged conduct of Salinas Pharmacy on the other, are fundamentally irreconcilable theories of liability that

cannot co-exist. Specifically, it is impossible that the pharmacy knew or should have known of potential

side effects of an FDA-approved drug if plaintiff's assertions that Warner-Lambert and Pfizer failed to warn

or failed to properly and adequately notify, inform, or warn of the dangers of Rezulin are taken as true.

Federal courts have ruled, in the context of pharmaceutical product liability cases, that such inconsistent

pleading practices are tantamount to fraudulent joinder. *See Louis v. Wyeth-Ayerst Pharmaceuticals*,

No. 5:00CV102LN (W.D.Miss. Sept. 25, 2000) (several non-diverse pharmacies found to have been

fraudulently joined in light of the plaintiff's specific allegations of concerted, unabated fraud and

concealment by the manufacturer defendants). *See also Rezulin I.*

15.    In addition, as noted above, the plaintiff's petition fails to provide any case specific

information relevant to the plaintiff and specifically fails to identify the dates of the alleged acts or omissions

claimed as to Salinas Pharmacy. To the extent that the plaintiff's claims against Salinas Pharmacy are

barred by the applicable limitations period, Salinas Pharmacy is fraudulently joined for this reason also.

### Amount in Controversy

16.    It is facially apparent that the amount in controversy in this case exceeds $75,000, exclusive

of interest and costs. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (if it is "facially

apparent" from the state court petition that the amount in controversy exceeds the jurisdictional minimum

requirement, then defendant need only point such fact out to successfully bear its burden); *see also*

*Carahan v. Southern Pacific R.R. Transp. Co.*, 914 F.Supp. 1430, 1431 (E.D. Tex. 1995). In her

petition, plaintiff alleges that she sustained physical and emotional injury as a result of her use of Rezulin.

*See* PLAINTIFF'S ORIG. PET., at p. 19-20. The preponderance of the evidence is that the amount in

controversy exceeds $75,000. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)

($75,000 jurisdictional minimum was facially apparent from the allegations of the complaint where plaintiff

alleged that after the defendant lost plaintiff's heart medication, plaintiff became ill, suffered pain and

humiliation, experienced a temporary inability to do housework and incurred unspecified ambulance

expenses, hospitalization expenses, property damage and travel expenses); *see also In re: Norplant*

*Contraceptive Products Liability Litigation*, 918 F.Supp. 178, 180 (E.D.Tex. 1996) (jurisdictional

minimum was facially apparent from the plaintiffs' allegations concerning the serious nature of their alleged

injuries from the Norplant Contraceptives).

## OTHER MATTERS

### State Court Notification

17.    Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being served on all counsel of

record, and with the clerk of the Cameron County district court. (A copy of the state court Notification

of Removal is attached as Exhibit "A.")

### Consent to Removal

18    Because Salinas Pharmacy has been fraudulently joined, the consent of Salinas Pharmacy

to removal is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2 812, 815 (5th Cir. 1993) (stating

that it is "nonsensical" to require consent from improperly joined parties).

---

## Local Rules

19.     Pursuant to Local Rule 81, the following documents are hereby being provided to the clerk

for filing in connection with this Notice of Removal:

(a)     all executed process in the case (Exhibit "B");

(b)     all pleadings asserting causes of action, *e.g.,* petitions, counterclaims, cross

        actions, third-party actions, interventions, and all answers to such pleadings

        (Exhibit "C");

(c)     all orders signed by the state judge (Exhibit "D");

(d)     the state court docket sheet (Exhibit "E");

(e)     an index of matters being filed (Exhibit "F"); and

(f)     a list of all counsel of record, including addresses, telephone numbers, and parties

        represented (Exhibit "G").

## Notice of Pendency of MDL Proceedings

20.     On June 9, 2000, the Judicial Panel on Multidistrict Litigation ("Judicial Panel") issued its

order establishing the Multidistrict Litigation ("MDL") for all Rezulin lawsuits pending in the federal courts,

and transferring all such cases to the United States District Court for the Southern District of New York.

(A copy of the order is attached as Exhibit "H.") Pfizer and Warner-Lambert intend to notify the Judicial

Panel, pursuant to 28 U.S.C. § 1407, that this action is a "tag-along" case that should be transferred to the

Rezulin MDL proceeding.

---

21     Under the governing federal case law, the purpose of 28 U.S.C. § 1407 is to avoid

inconsistency. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). In the event of a motion to remand, the Court

should defer ruling to insure uniformity and efficiency in the multidistrict litigation. Deferral would be

consistent with prior decisions of federal courts in Texas, in this District, and throughout the country in other

Rezulin actions.

### CONCLUSION AND PRAYER

Defendants Warner-Lambert Company LLC and Pfizer Inc. hereby remove this case to federal

court. Warner-Lambert and Pfizer pray for any and all other relief to which they are entitled.

Respectfully submitted,

Jack E. Urquhart
State Bar No.: 20415600   *(by permission M. Santos)*
Federal ID: 2082
**ATTORNEY-IN-CHARGE FOR DEFENDANTS**
**WARNER-LAMBERT COMPANY LLC**
**AND PFIZER INC.**

**Of Counsel:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

---

**DEFENDANTS WARNER-LAMBERT COMPANY LLC AND PFIZER INC.'S NOTICE OF REMOVAL**     **PAGE 9**
*Lilia Garcia vs. Warner-Lambert Company, et al.*
*(471528)*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants Warner-Lambert Company LLC and Pfizer Inc.'s Notice of Removal was served by certified mail, return receipt requested, on all known counsel of record on October 24, 2003, as follows:

D. John Neese, Jr.
Robert A. Schwartz
John T. Boundas
WILLIAMS BAILEY LAW FIRM, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, TX 77017

Maria Jorik Courtois

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN  DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **LILIA GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | **(Removed from the 197ᵀᴴ Judicial District** |
| | § | **Court of Cameron County, Texas)** |
| **WARNER-LAMBERT COMPANY,** | § | |
| **PFIZER, INC. and SALINAS** | § | |
| **PHARMACY, INC.,** | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

## INDEX OF MATTERS BEING FILED

State Court Notification of Removal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit A

All Executed Process on File . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B

All Pleadings Asserting Causes of Action and
      All Answers to Such Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit C

All Orders Signed by the State Judge  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D

State Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E

Index of Matters Being Filed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F

List of All Counsel of Record  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit G

Order Establishing the Judicial Panel on Multi-District Litigation (MDL 1348)  . . . . . . Exhibit H

---

DEFENDANTS WARNER-LAMBERT COMPANY LLC AND PFIZER INC.'S NOTICE OF REMOVAL
*Lilia Garcia vs. Warner-Lambert Company,  et al.*
*(471528)*

CAUSE NO. 2003-05-002730-C

| | | |
|---|---|---|
| LILIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| WARNER-LAMBERT COMPANY, | § | |
| PFIZER, INC., AND SALINAS | § | |
| PHARMACY, INC. | § | 197TH JUDICIAL DISTRICT |

## DEFENDANTS WARNER-LAMBERT COMPANY LLC AND
## PFIZER INC.'S NOTIFICATION OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that Defendants Warner-Lambert Company LLC (incorrectly named as "Warner-Lambert Company"), and Pfizer Inc. (incorrectly referred to as "Pfizer, Inc.") have removed this case to the United States District Court for the Southern District of Texas, Brownsville Division. A copy of Defendants Warner-Lambert Company LLC and Pfizer Inc.'s Notice of Removal (exclusive of attachments) is attached as Exhibit "A" to this notification.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By: _____
JACK E. URQUHART
State Bar No.20415600
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

ATTORNEYS FOR DEFENDANTS
WARNER-LAMBERT COMPANY LLC
AND PFIZER INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants Warner-Lambert Company LLC and Pfizer Inc.'s Notification of Removal has been served on the following counsel of record by certified mail, return receipt requested on October 24, 2003:

D. John Neese, Jr.
Robert A. Schwartz
John T. Boundas
WILLIAMS BAILEY LAW FIRM, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, TX 77017

Maria Jorik Courtois

DEFENDANTS WARNER-LAMBERT COMPANY LLC AND PFIZER INC.'S
NOTIFICATION OF REMOVAL
*Lilia Garcia vs. Warner-Lambert Company, et al. (471563)*

PAGE 2

## BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

### HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

**Maria Jorik Courtois**
**Direct Dial: (713) 960-7341**
**E-mail: mcourtois@bmpllp.com**

October 24, 2003

Aurora de la Garza                                    *Via Federal Express*
Cameron County District Clerk
974 E. Harrison Street
Brownsville, Texas 78520

  Re: Cause No. 2003-05-002730-C; *Lilia Garcia v. Warner-Lambert Company, Pfizer Inc., et al*; In the 197th Judicial District Court of Cameron County, Texas

Dear Ms. de la Garza:

  Enclosed please find an original and two copies of the following instrument for filing in the above-referenced matter:

  1. Defendants Warner-Lambert Company LLC and Pfizer Inc.'s Notification of Removal to Federal Court

  Please return two file-stamped copies of the foregoing document in the enclosed self-addressed envelope. As indicated below, all known counsel of record and other required parties are being furnished with a copy of this filing.

  Thank you for your attention to this matter.

          Sincerely,

          Maria Jorik Courtois

MJC/csm
Enclosures
471751

October 24, 2003
Page 2

cc:    D. John Neese, Jr., Esq.                           *Via Certified Mail*
        Robert A. Schwartz, Esq.                    *Return Receipt Requested*
        John T. Boundas, Esq.
        Williams Bailey Law Firm, L.L.P.
        8441 Gulf Freeway, Suite 600
        Houston, Texas 77017

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN  DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LILIA GARCIA, | § | |
| | § | |
| **Plaintiff,** | § | |
| vs. | § | Civil Action No. _____ |
| | § | (Removed from the 197TH Judicial District |
| | § | Court of Cameron County, Texas) |
| WARNER-LAMBERT COMPANY, | § | |
| PFIZER, INC. and SALINAS | § | |
| PHARMACY, INC., | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

## EXHIBIT B

### ALL EXECUTED PROCESS ON FILE

1. Return of Service Upon Warner-Lambert Company
(Served 10/06/03; filed 10/10/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B(1)

2. Return of Service Upon Pfizer Inc.
(Served 10/06/03; filed 10/10/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B(2)

3. Return of Service Upon Salinas Pharmacy, Inc.
(Served 10/09/03; filed 10/15/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B(3)

ORIGINAL

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2003-05-002730-C

### THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: PFIZER, INC.
BY SERVING ITS REGISTERED
AGENT: C.T. CORPORATION SYSTEM
350 N. ST. PAUL STREET
DALLAS, TEXAS  75201

the        DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on   MAY 29, 2003   .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-05-002730-C.

The style of the case is:

LILIA GARCIA
VS.
WARNER-LAMBERT COMPANY, PFIZER, INC. & SALINAS

Said petition was filed in said court by        D. JOHN NEESE, JR.
(Attorney for        PLAINTIFF        ), whose address is
8441 GULF FREEWAY, SUITE 600   HOUSTON,TEXAS   77017-5001        .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  1st  day of  OCTOBER , A.D. 2003.



AURORA DE LA GARZA       , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2):  The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER            TITLE


ADDRESS


CITY          STATE          ZIP

CERTIFICAT. OF DELIVERY OF MAIL

I hereby certify that on the  1st  of

OCTOBER  2003,  I mailed to

PFIZER, INC.

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  9580 5546
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

By: _____ , Deputy

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PFIZER, INC.
BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEMS
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ OCT 06 2003
   ☐ Agent
   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7002 2410 0000 9580 5546

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# ORIGINAL

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.002.01

## No. 2003-05-002730-C

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: WARNER-LAMBERT COMPANY
    BY SERVING ITS REGISTERED
    AGENT: C.T. CORPORATION SYSTEM
    350 N. ST. PAUL STREET
    DALLAS, TEXAS  75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on ___MAY 29, 2003___.  A copy of same accompanies this citation.

The file number of said suit being No. 2003-05-002730-C.

The style of the case is:

LILIA GARCIA
VS.
WARNER-LAMBERT COMPANY, PFIZER, INC. & SALINAS

Said petition was filed in said court by _____D. JOHN NEESE, JR._____ (Attorney for _____PLAINTIFF_____), whose address is 8441 GULF FREEWAY, SUITE 600   HOUSTON,TEXAS  77017-5001 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _1st_ day of _OCTOBER_, A.D. _2003_.



AURORA DE LA GARZA_____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER      TITLE

ADDRESS

CITY      STATE      ZIP

---

CERTIFICAT. OF DELIVERY OF MAIL

I hereby certify that on the __1st__ of

__OCTOBER__ __2003__, I mailed to

WARNER-LAMBERT COMPANY

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. __9580 5539__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: _____, Deputy

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X     ☐ Agent   ☐ Addressee <br> B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to: <br><br> WARNER-LAMBERT COMPANY <br> BY SERVING ITS REGISTERED AGENT: <br> CT CORPORATION SYSTEMS <br> 350 N. ST. PAUL STREET <br> DALLAS, TEXAS 75201 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| | 3. Service Type <br> ☒ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7002 2410 0000 9580 5539 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

2003--05--2730--C
CITATION
10/01/2003
Here

Sent To
WARNER-LAMBERT COMPANY

7002 2410 0000 9580 5539

**ORIGINAL**

Citation for Personal Service  - GENERAL      Lit. Seq. # 5.004.01

## No. 2003-05-002730-C

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: SALINAS PHARMACY, INC.
    BY SERVING IT'S OWNER:
    ALBERT DAVID SALINAS
    480A N. SAM HOUSTON
    SAN BENITO, TEXAS 78586

the      DEFENDANT     , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said      PETITION      was filed on MAY 29, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-05-002730-C.

The style of the case is:

LILIA GARCIA
VS.
WARNER-LAMBERT COMPANY, PFIZER, INC. & SALINAS

Said petition was filed in said court by      D. JOHN NEESE, JR. (Attorney for      PLAINTIFF     ), whose address is 8441 GULF FREEWAY, SUITE 600    HOUSTON,TEXAS  77017-5001 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 1st day of OCTOBER , A.D. 2003.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

R. TURN OF OFFIC R

Came to hand the ___ *6* ___ day of ___ *Oct* ___ , *2003* , at ___ *4/00* ___ o'clock ___ *P* .M., and

executed (~~not executed~~) on the ___ *9* ___ day of *Oct* ___ , *2003* , by delivering to

___ *Albert David Salinas* ___ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the ___ *Plaintiff's Original Petition* ___ .

Cause of failure to execute this citation is: _____

_____ .

FEES serving 1 copy

Total....... $ *1/2*

Fees paid by: _____

Sheriff/constable _____ County, TEXAS

By _____ Deputy

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

OCT 1 5 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **LILIA GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | **(Removed from the 197TH Judicial District** |
| | § | **Court of Cameron County, Texas)** |
| **WARNER-LAMBERT COMPANY,** | § | |
| **PFIZER, INC. and SALINAS** | § | |
| **PHARMACY, INC.,** | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

## EXHIBIT C

### ALL PLEADINGS ASSERTING CAUSES OF ACTION AND
### ALL ANSWERS TO SUCH PLEADINGS

1.     Plaintiff's Original Petition (filed 05/29/03) . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit C(1)

2.     Original Answer of Warner-Lambert Company LLC (filed 10/17/03) . . . . . Exhibit C(2)

3.     Original Answer of Pfizer Inc. (filed 10/17/03) . . . . . . . . . . . . . . . . . . . . . Exhibit C(3)

CAUSE NO. 2003-05-2730-C

MAY 29 2003

DISTRICT COURT OF CAMERON COUNTY, TE

| | | |
|---|---|---|
| LILIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | CAMERON COUNTY, T E X A S |
| | § | |
| WARNER-LAMBERT COMPANY, | § | |
| PFIZER, INC. AND SALINAS | § | |
| PHARMACY, INC. | § | 197 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LILIA GARCIA, Plaintiff herein, and files this her Original Petition, complaining of WARNER-LAMBERT COMPANY, PFIZER INC., and SALINAS PHARMACY, Defendants herein, and in support hereof, respectfully shows the Court as follows:

### Discovery Control Plan

1.      Discovery in this case is intended to be conducted under Level 3 of TEX. R. CIV. P. 190. Plaintiff affirmatively pleads that she seeks monetary relief aggregating more than $50,000.00.

### Statement of the Case

2.      Plaintiff incurred damages proximately caused by taking the prescription drug Rezulin (trogilitazone).

### Statement of Parties

3.      Plaintiff, Lilia Garcia, is an individual residing in Cameron County, San Benito, Texas.

1

4.      Defendant Warner-Lambert Company (hereinafter referred to as "Defendant Warner-Lambert" or collectively referred to with Defendant Pfizer as "Defendant Manufacturers") is a Delaware Corporation with its principal place of business in the State of New Jersey. Its Parke-Davis Division, at all material times, was in the business of promoting, marketing and distributing the prescription drug Rezulin. On June 19, 2000, Defendant Warner-Lambert completed its merger with Defendant Pfizer and the new entity assumed all of the liabilities of the Defendant Warner-Lambert. Defendant Warner-Lambert may be served with process through its registered agent for service, C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

5.      Defendant Pfizer Inc. (hereinbefore and -after referred to as "Defendant Pfizer" or collectively referred to with Defendant Warner-Lambert as "Defendant Manufacturers" ) is a pharmaceutical company formed by the merger of Defendant Warner-Lambert and Defendant Pfizer on June 19, 2000. This new legal entity now employs most, if not all, of the employees whose conduct is described below and has knowingly assumed legal responsibility for such conduct. It may be served with process through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6.      Defendant Salinas Pharmacy, Inc. (hereinbefore and -after referred to as the "Defendant Pharmacy" and collectively referred as the "Medical Defendant") is a professional association duly formed and existing under the laws of the State of Texas with its principal place of business at 500 N. Sam Houston, Suite 1, Cameron County, San Benito, Texas 78586. The Defendant Pharmacy may be served through its owner Albert David Salinas, 480A N Sam Houston, San Benito, Texas 78586.

2

7.    Defendants may be liable in one or more of a number of capacities including, but not limited to, the following:

A.    Defendants may be liable as Defendant Manufacturers.  Defendant Manufacturers are those Defendants involved in the design, manufacture, testing and marketing of Rezulin.

B.    Defendants may be liable in the capacity of retailer, wholesaler or distributor.

C.    Defendants may be liable in the capacity of "Licensee", having manufactured, marketed, and/or distributed Rezulin into the flow of commerce.

D.    Defendants may be liable as "Parent Corporations" for the tortious conduct of their "Subsidiary Corporation(s)" when the legal distinctions between the Parent Corporation and the Subsidiary Corporation are fictitious or should be disregarded for any of the following reasons:

(1)    Corporate separateness between the Parent Corporation and the Subsidiary Corporation should be disregarded because the Subsidiary Corporation is an "alter ego" of Parent Corporation, and the Subsidiary Corporation is used as a mere tool or conduit for the Parent Corporation.

(2)    Corporate separateness between the Parent Corporation and the Subsidiary Corporation should be disregarded because the corporate form or structure is used for an illegal purpose or to escape or evade legal obligations.

(3)    Corporate separateness between the Parent Corporation and the Subsidiary Corporation should be disregarded because Defendants' use of the "corporate form" is actually a means to perpetrate fraud.

3

(4)     Corporate separateness between the Parent Corporation and the Subsidiary Corporation should be disregarded because the corporate transactions between the Parent Corporation and the Subsidiary Corporation to purchase or acquire the Subsidiary Corporation was entered into fraudulently to escape liability.

(5)     The Parent Corporation merged with the Subsidiary Corporation.

(6)     The Parent Corporation expressly or impliedly agreed to assume the Subsidiary Corporation's liability.

(7)     The Parent Corporation is in fact the continuation of the Subsidiary Corporation.

(8)     The Parent Corporation is a "Controlling Shareholder" in the Subsidiary Corporation and the Parent Corporation/Controlling Shareholder's control or involvement in the Subsidiary Corporation creates liability.

(9)     Additionally, any Defendant named as a Parent Corporation may be individually liable for its own tortious conduct.

E.     Defendants may be liable as "Successors in Interest" to another corporation. Defendants that are Successors in Interest to another company ("Predecessor Company") may be liable for that company's debts and obligations for a number of reasons, including:

(1)     The Successor in Interest Company assumed liabilities of the Predecessor Company as a result of a merger transaction.

(2)     The Successor in Interest Company expressly assumed liabilities of the Predecessor Company.

4

(3)     The Successor in Interest Company impliedly assumed liabilities of the Predecessor Company.

(4)     Transactions between the Successor in Interest Company and the Predecessor Company were entered into fraudulently in an effort to escape or evade legal obligations.

(5)     The Successor in Interest Company is the continuation of the Predecessor Company.

F.     Defendants may be liable as physicians.  The Defendant Physician provided care and treatment for Plaintiff.  Additionally, the Defendant Physician may have been involved in the distribution of Rezulin.

G.     Defendants may be liable in the capacity of a clinic, hospital, or other facility which is associated with a Defendant Physician and/or involved in the prescription, sale and/or distribution of Rezulin.

H.     Defendants may be liable in the capacity of a licensed Defendant Pharmacy which is involved in the sale and distribution of Rezulin.

I.     Defendants may be liable in the capacity of a licensed "Defendant Pharmacist" who is involved in the sale and distribution of Rezulin.

## Jurisdiction

8.     This Court has jurisdiction over each Defendant because each Defendant does business in Texas, has committed tort(s) in whole or in part in Texas, and/or has continuing minimum contacts with the State of Texas.  Each Defendant is amenable to service of process by a Texas court.

5

## Venue

9.     Venue is proper in Cameron County, Texas, because a substantial part of the events giving rise to the claim occurred in Cameron County, Texas. The drug was prescribed in Cameron County, Texas. The prescriptions were filled by Texas pharmacies in Cameron County, Texas, and the drug was sold and delivered in Cameron County, Texas.

## Statement of Facts

10.     Before its merger with Defendant Pfizer on June 19, 2000, Defendant Warner was in the business of testing, developing, manufacturing, advertising, promoting and selling drugs, and specifically a drug named trogilitazone with a brand name for the United States of "Rezulin". Rezulin was sold throughout the United States, including in Cameron County, Texas.

11.     Rezulin was developed, advertised, promoted and sold for the treatment of adult-onset diabetes, sometimes called Type II Diabetes Mellitus. Type II diabetics produce insulin (a hormone which permits the body's cells to utilize glucose in the blood) but blood sugar levels are elevated above normal.

12.     Defendant Warner obtained the right to commercially manufacture and market Rezulin in the late 1980's or early 1990's.

13.     When Defendant Warner began clinically testing Rezulin in 1995, there were a number of other drugs already on the market which were capable of reducing blood sugar levels and which physicians would prescribe to treat Type II diabetes. These drugs included Amaryl, Diabete, Diabinese, Glucotrol, Glynese, Micronase and Glucophage.

14.     Defendant Warner knew that the market for Type II drugs was especially lucrative and would support new drugs with annual sales in the range of a billion dollars a year. It also

6

knew that for such a new drug to be accepted and commercially successful, the drug would need to be perceived as safe.

15.   Before Rezulin was put on the market and sold for use by people such as the Plaintiff, Defendant Warner had done pharmacology, toxicology and clinical studies indicating that Rezulin was toxic to both the heart and liver.

16.   Defendant Warner also had scientific information demonstrating that Rezulin, when given alone, was only marginally effective and inferior to existing drugs for the medical purpose intended. The company also knew from the results of its own studies, that when given in combination with insulin injections, it was not feasible to reduce the insulin dose by medically significant amounts and increase control of blood sugar levels.

17.   Despite it's knowledge of these facts, Defendant Warner promoted, advertised, and marketed Rezulin as a drug that was both safe and effective. In fact, the company advertised Rezulin in the most trusted medical journals in the world as being "safe" and having side effects "comparable to placebo."

18.   Defendant Warner also promoted Rezulin by trumpeting the fact that it was selected for inclusion in a clinical trial for the National Institute of Health Diabetes Prevention Project. What it did not tell doctors, patients, or the general public is that the National Institute of Health official instrumental in selecting Rezulin for the project was a paid consultant of Defendant Warner.

19.   Defendant Warner's promotional campaign also used other paid physician consultants who it enlisted to promote the drug as a breakthrough therapy with a favorable safety profile. The financial relationship between those physician consultants and the company was also not publicly disclosed.

7

20.    On January 27, 1997, Rezulin was approved by the FDA for the treatment of Type II diabetes.  The original FDA medical review officer for Rezulin was John Gueriguian, M.D. He opposed Rezulin's approval because, in his expert opinion, the risks of the drug outweighed its benefits.  When he made his views known to Defendant Warner in no uncertain terms, the company had him fired, and his review purged from the record.

21.    Within a few weeks after approval, Defendant Warner announced to the public that Rezulin "had the potential to be a billion dollar blockbuster".  It also issued a press release which made false and misleading statements.  It stated "clinical studies have shown the overall incidence and types of reaction to Rezulin to be comparable to placebo."  In fact, the trials had shown evidence that Rezulin was toxic to both the heart and liver.  It also stated that Rezulin had been "effective in clinical trials of over 5,000 patients."  In fact, the drug had been shown "effective" in only a few hundred patients taking insulin.  The company also claimed that "Rezulin is the first anti-diabetes drug designed to target insulin-resistence – the underlying cause of Type II diabetes".  Only a few weeks later, the FDA wrote the company about the false and misleading nature of this claim.  These claims and other similar claims continued to be made by the company throughout the time that Rezulin was sold.

22.    The company's false and misleading promotional campaign worked.  By October 1997, Rezulin had captured 11% of new prescriptions of the oral diabetes market in the United States, and the company sales of the drug was in the hundreds of millions of dollars.

23.    But there was a cost – a human cost.  Between the time that the drug was placed on the market in January of 1997, until it was removed on March 21, 2000, at least 61 people died of liver toxicity and many, many others had permanent damage done to their liver and heart. Some had to have liver transplants; others need transplants, but have not yet been able to get

8

them. The company knew this, but at every turn, concealed and minimized, physicians, patients and the general public about the risks of Rezulin.

24.    Finally, on March 21, 2000, because of pressure from the FDA and Congress, Defendant Warner removed Rezulin from the market, acknowledging that the drug was defective and that its risks outweighed its benefits.

25.    Plaintiff suffered damages proximately caused by ingesting this defective and unreasonably dangerous prescription drug, Rezulin, and Defendants' tortious conduct related to this drug.

26.    Rezulin contained chemicals that caused Plaintiff's injuries.

27.    At all times relevant, Defendants, their associates, or their representatives, manufactured, designed, labeled, supplied, marketed, sold, promoted and otherwise distributed in interstate commerce, Rezulin. Rezulin has been widely advertised and represented by the Defendants as safe and effective for the treatment of adult-onset diabetes, sometimes called Type II Diabetes Mellitus.

28.    Defendants, by affirmative misrepresentations and/or omissions, falsely and fraudulently sought to create the image of safety with regard to Rezulin by relaying positive testimonials; withholding relevant information from users; misrepresenting the presence of adequate testing of the Rezulin (either individually or in combination with other drugs); misrepresenting the severity, frequency and discomfort of side effects; and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects including but not limited to arrhythmias and other related illnesses and conditions. The manufacturers and distributors of Rezulin knew of, encouraged use, and failed to adequately

9

and appropriately warn or concealed information indicating that Rezulin was especially hazardous, and not systematically tested by appropriate clinical trials.

29.    The manufacturers of Rezulin were aware of the special risks of Rezulin and concealed information about the risks of this drug from the prescribing physicians and the public. Defendants have failed to warn the public about Rezulin's side effects involving liver injury and damage.

30.    The product warnings in effect were both substantively and graphically wholly inadequate to alert prescribing physicians and consumer patients of the risks associated with Rezulin, which were then known or should have been known by the pharmaceutical company defendants.

31.    Defendants, individually and in concert, acted with malice.

32.    Plaintiff suffered injuries and damages as a result of his exposure to Rezulin. Said injuries are listed below.

33.    The complained of acts and/or omissions and conduct of Defendants, individually and/or in concert, were the proximate and producing cause of Plaintiff's damages. Additionally and alternatively, this defective and unreasonably dangerous drug manufactured, sold, and/or distributed by the named Defendants caused Plaintiff's injuries.

### Application of the Discovery Rule

34.    The nature of Plaintiff's injuries and their relationship to Rezulin was inherently undiscoverable by Plaintiff prior to Rezulin's March 21, 2000, voluntary withdrawal from the market by Defendant Manufacturers. Consequently, the discovery rule should be applied to toll the running of the statute of limitations until Plaintiff knew, or through reasonable care and diligence should have known, of their claims against Defendants. Plaintiff did not discover, and

10

through the exercise of reasonable care and due diligence should not have discovered, Plaintiff's illness and injuries or their relationship to Rezulin until after March 21, 2000. Further, prior to March 21, 2000, Plaintiff did not have knowledge of facts that would lead a reasonably prudent person to make inquiry to discover Defendants' tortious conduct. Under appropriate application of the "discovery rule," Plaintiff's suit was filed well within the applicable statutory limitations period because Plaintiff filed this lawsuit within two years from the date she knew or through the exercise of reasonable care and due diligence should have known of her claim.

### Fraudulent Concealment

35.    Defendants are estopped from asserting a statute of limitations defense because they fraudulently concealed their wrongful conduct from Plaintiff. The Defendants had actual knowledge of the defective and dangerous nature of Rezulin as well as the fact that Defendants failed to conduct adequate research on their products to establish their safety and efficacy. Defendants had actual knowledge of their misrepresentations, negligence, breach of warranties, and false, misleading, deceptive, and unconscionable conduct. Yet, each of the Defendants continued to perpetrate their wrongful conduct with the intent and fixed purpose of concealing their wrongs from Plaintiff and the public at large.

### Count One - Strict Products Liability

36.    Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

37.    Plaintiff claims that all Defendants are liable to Plaintiff under the theory of strict products liability.

11

38.    All Defendants were engaged in the business of manufacturing, designing, testing, marketing, distributing, selling and/or prescribing Rezulin and/or its incorporated component ingredients.

39.    Rezulin reached Plaintiff without substantial change.

40.    Rezulin was defective and unreasonably dangerous when it entered into the stream of commerce and when received by Plaintiff in the following respects:

A.    Rezulin contained one or more manufacturing defects;

B.    Rezulin was not reasonably safe due to its defective design in that the foreseeable risks of harm posed by it outweighed the drug's foreseeable therapeutic benefits; and/or

C.    Rezulin is not reasonably safe due to defective warnings and instructions in that reasonable instructions or warnings were not provided to healthcare providers prescribing it.

41.    The defective and unreasonably dangerous nature of Rezulin was a proximate cause of Plaintiff's damage.

42.    Further, in manufacturing, designing, testing, marketing, distributing, selling and/or prescribing the product in question, Defendants acted with malice and in conscious disregard of the rights, welfare and/or safety of individuals such as Plaintiff and are, therefore, liable to Plaintiff for punitive damages.

43.    Under strict products liability theories set forth in Restatement (Second) Torts, adopted by the Texas Supreme Court, Defendants are liable, jointly and severally, to Plaintiff for all damages claimed in this case, including punitive damages.

### Count Two - Negligence and Gross Negligence

12

44.    Plaintiff asserts claims under theories of negligence and gross negligence against all Defendants.  Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

45.    All Defendants owed Plaintiff a duty to not subject Plaintiff to unreasonable risks of injury.

46.    Defendants owed Plaintiff a duty of reasonable care in all aspects concerning the manufacturing, designing, testing, marketing, distributing, selling and/or prescribing of Rezulin and its incorporated component ingredients.

47.    Defendants were negligent and grossly negligent and breached duties owed to Plaintiff with respect to Rezulin.

48.    Accordingly, Defendants are jointly and severally liable to Plaintiff for all damages claimed including punitive damages as a result of Defendants' gross negligence.

### Count Three - Negligent Misrepresentation

49.    Plaintiff brings this cause of action against all Defendants under the theory of negligent misrepresentation.  Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

50.    Defendants individually and through their agents, representatives and/or employees, negligently misrepresented material facts about Rezulin in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such representations.  Alternatively, Defendants made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations.

51.    The above misrepresentations were made to the public and to Plaintiff.

52.    Plaintiff justifiably relied on Defendants' misrepresentations.

13

53.     Defendants' misrepresentations were the proximate cause of Plaintiff's damages.

### Count Four- 402B Misrepresentation

54.     All named Defendants are liable to Plaintiff under RESTATEMENT (SECOND) TORTS 402B, adopted by the Texas Supreme Court. Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

55.     Each Defendant named under this count was engaged in the business of, designing, testing, marketing, distributing, selling and/or prescribing of Rezulin and/or its component ingredients.

56.     Each Defendant made public representations of material fact concerning the character and quality of Rezulin and its component ingredients.

57.     These representations were not true.

58.     Plaintiff justifiably relied on Defendants' representations in purchasing Rezulin.

59.     Defendants' misrepresentations, individually and in concert, were the proximate cause of Plaintiff's damages.

### Count Five - Fraud

60.     Plaintiff brings this cause of action against all named Defendants including Parent Corporations, both in their individual capacity and as a result of their relationship and/or conduct with their Subsidiary Corporations. Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

61.     All Defendants made representations of material facts concerning Rezulin that were false.

62.     All Defendants made such representations with knowledge of their falsity and with the intent to induce action on the part of Plaintiff.

14

63.    Plaintiff justifiably relied on these representations and acted upon them in receiving Rezulin.

64.    Defendants' fraudulent misrepresentations, individually and in concert, proximately caused Plaintiff's damages.

65.    Accordingly, all Defendants are liable, jointly and severally, for Plaintiff's damages including punitive damages.

### Count Six - Civil Conspiracy

66.    Plaintiff brings this cause of action against all Defendants under a civil conspiracy theory. Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

67.    Defendants entered into a civil conspiracy and a concert of action to pursue a common design, purpose, and intention.

68.    Each Defendant along with one or more additional persons or entities had a meeting of minds about a common object or goal to be accomplished or a common course of action.

69.    That goal or the course of action used to obtain the goal is unlawful.

70.    At least one of the parties to the conspiracy committed an overt unlawful act or course of conduct in furtherance of the conspiracy.

71.    Plaintiff's damages were the proximate result of this conspiracy.

### Count Seven - Breach of Continuing Duty to Warn

72.    Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

73.     All Defendants are liable to Plaintiff for breaching their continuing duty to warn Plaintiff of adverse health effects and complications associated with Rezulin.

74.     Each Defendant was involved in the manufacturing, designing, testing, marketing, distributing, selling and/or prescribing of Rezulin.  Accordingly, each Defendant was involved in creating the risks associated with Rezulin.

75.     Each Defendant knew, should have known, or should have discovered, risks associated with Rezulin that were the result of their design, testing, manufacturing, marketing, distributing, selling, and/or prescribing of same.

76.     Each Defendant had a continuing duty to warn Plaintiff.  Each Defendant breached this duty.

77.     Defendants' joint and several breach of this duty is the proximate cause of Plaintiff's injuries.

### Count Eight - Breach of Express Warranties

78.     Plaintiff brings this cause of action for breach of express warranties against all Defendants. Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

79.     Defendants are sellers of Rezulin.

80.     Defendants made material affirmative representations about Rezulin that were false.

81.     Prior to the purchase of Rezulin by Plaintiff as alleged above, Defendants induced purchases of Rezulin by expressly warranting to Plaintiff and others by advertisements, pamphlets, and otherwise that they, including Plaintiff, could safely use Rezulin for the treatment of adult-onset diabetes, sometimes called Type II Diabetes Mellitus, and that they would require

16

no special attention. Defendants expressly warranted among other things, one or more of the following:

A.   Defendants expressly warranted that Rezulin was safe and effective in treatment of Type II Diabetes Mellitus;

B.   Rezulin does not conform to these express representations because Rezulin is not safe and has high levels of serious side effects, including life threatening side effects;

82.   As a direct and proximate result of the breach of said warranties, Plaintiff suffered, and will continue to suffer injury, harm, and economic loss as alleged herein.

83.   In purchasing Rezulin, Plaintiff relied on the skill and judgment of Defendants and on Defendants' express warranties described above.

84.   When Plaintiff purchased Rezulin, Defendants' express warranties concerning it were not true, and Rezulin was defective.

**Count Nine - Breach of Implied Warranty of Fitness For a Particular Purpose**

85.   For breach of the implied warranty of fitness cause of action against Defendants, Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

86.   Defendants knew, or should have known, of the particular purpose for which Plaintiff required Rezulin because the only purpose for which said Defendants sold Rezulin was for the treatment of Type II Diabetes Mellitus;

87.   Defendants impliedly warranted that Rezulin was fit for use as weight loss aids, the purpose for which it was designed, that it was safe and suitable methods for the treatment of

17

adult-onset diabetes, sometimes called Type II Diabetes Mellitus, and that Rezulin was in fact suitable for the use made by Plaintiff.

88.    In purchasing and using Rezulin, Plaintiff relied on Defendants' skill and judgment and the implied warranty of fitness for the purpose for which Plaintiff purchased Rezulin.

89.    Rezulin was not fit for use for their intended use because it was and is unreasonably dangerous and unfit for the ordinary purposes for which it was prescribed and used as described above.

90.    Defendants' breach of the implied warranty of fitness, more particularly set forth above, proximately caused Plaintiff's injuries and damages, more particularly set forth below.

### Count Ten - Breach of Implied Warranty of Merchantability

91.    For breach of the implied warranty of merchantability cause of action against Defendants, Plaintiff incorporates by reference all preceding paragraphs as if fully stated here, and further alleges as follows:

92.    Defendants impliedly warranted that Rezulin was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which Rezulin was designed and used.

93.    In purchasing and using Rezulin, Plaintiff relied on Defendants' skill and judgment and the implied warranty of merchantability for the purpose for which Plaintiff purchased Rezulin.

94.    Rezulin purchased by Plaintiff was not merchantable in one or more particulars, because the products were and are unreasonably dangerous and unfit for the ordinary purposes for which it was prescribed and used as described above.

18

95.    Defendants' breach of the implied warranty of merchantability, more particularly set forth above, proximately caused Plaintiff's injuries and damages, more particularly set forth below.

## Count Eleven - Medical Negligence

96.    Strictly in the alternative and without waiving the foregoing, Plaintiff alleges as follows:

97.    The conduct of the Medical Defendants in treating, prescribing and filling the prescription for this defective and unreasonably dangerous drug, and specifically, prescribing and filling the prescription for Rezulin for Plaintiff fell below the applicable standard(s) of care required of these Medical Defendants under the same or similar circumstances. Each Medical Defendant, along with all those for whom he or she is legally responsible, failed to use ordinary care in the care and treatment of Plaintiff. The negligence of each Medical Defendant proximately caused Plaintiff's damages.

## Damages Applicable to all Counts

98.    Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein and further allege as follows:

99.    Plaintiff suffered, sustained and incurred, and will continue to suffer, sustain and incur, the following injuries and damages, among others:

A.    physical pain and suffering in the past;

B.    in reasonable medical probability, physical pain and suffering in the future;

C.    mental anguish in the past;

D.    in reasonable medical probability, mental anguish in the future;

E.    reasonable and necessary medical expenses in the past;

19

F.    in reasonable medical probability, reasonable and necessary medical expenses in the future;

G.    physical disability in the past;

H.    in reasonable medical probability, physical disability in the future;

I.    physical disfigurement in the past;

J.    in reasonable medical probability, physical disfigurement in the future;

K.    loss of earnings and/or earning capacity in the past;

L.    in reasonable medical probability, loss of earnings and/or earning capacity in the future; and

M.    exemplary damages because Defendants acted with malice, committed fraud and were grossly negligent.

## Jury Demand

100.    Plaintiff hereby requests a trial by jury.

## Conditions Precedent

101.    All conditions precedent have been performed or have occurred.

## Prayer for Relief

102.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that, upon trial, Plaintiff has, among other things:

A.    judgment against Defendants for compensatory damages in excess of the minimum jurisdictional limits of the Court;

B.    judgment against Defendants for punitive and exemplary damages in excess of the minimum jurisdictional limits of the Court;

C.    pre-judgment interest in accordance with the law of Texas;

20

D.   post-judgment interest in accordance with the law of Texas;

E.   costs of court; and

F.   such other and further relief to which Plaintiff is entitled.


RESPECTFULLY SUBMITTED,

WILLIAMS BAILEY LAW FIRM, L.L.P.



BY:_____
     **D. JOHN NEESE, JR**
     State Bar No. 24002678
     **ROBERT A. SCHWARTZ**
     State Bar No. 17869670
     **JOHN T. BOUNDAS**
     State Bar No. 00793367
     8441 Gulf Freeway, Suite 600
     Houston, TX 77017
     (713) 230-2200
     Facsimile No. (713) 643-6226

**ATTORNEYS FOR PLAINTIFF**

21



of counsel
NED BARNETT
RICHARD N. COUNTISS
ROBERT C. KUEHM
JIM WATSON

September 25, 2003



FILED _____ O'CLOCK __ M
AURORA DE LA GARZA, CLERK

SEP 30 2003

DISTRICT COURT OF CAMERON COUNTY

Aurora De La Garza, District Clerk
Cameron County
974 E. Harrison
Brownsville, TX 78520

RE:  2003-05-2730-C: LILIA GARCIA V. WARNER-LAMBERT COMPANY
ET AL; IN THE 197TH JUDICIAL DISTRICT COURT

Dear Ms De La Garza:

Enclosed please our check in the amount of $171 to cover the cost for issuance of citation and service of process.

Thank you for your assistance in this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Candy Egdorf
Pharmaceutical Docket Manager

Enclosures

8441 GULF FREEWAY

SUITE 600

HOUSTON, TEXAS 77017-5051

(713) 230-2200

1-800-220-9341

FAX  (713) 643-6226

E-mail
postmaster@williamsbailey.com

WEB SITE
http://www.williamsbailey.com

10/6/03
DO $171.00
CH #023319
mc

OCT 03 2003

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH 1 COPY OF THE PLEADING
FOR WRITS FURNISH 2 COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: __2003-05-2730-C_____CURRENT COURT:1 97th
INSTRUMENT TO BE SERVED_ PLAINTIFF'S ORIGINAL PETITION

FILE DATE OF MOTION:  May 29, 2003

SERVICE TO BE ISSUED ON (please list exactly as the name appears in the pleading to be

served):

1.      NAME: WARNER-LAMBERT COMPANY

        ADDRESS: 350 N. ST. PAUL STREET, DALLAS, TX 75201

        AGENT (if applicable): C.T. CORP

        TYPE OF SERVICE (see reverse for specific type): citation

        SERVICE BY (check one): CONSTABLE ____   NON-RESIDENT ____ OUT OF

        COUNTY ____


PUBLICATION _____OTHER:          CERTIFIED MAIL_____

(See reverse for types)                              (Specify)
*************************************************************************

2.      NAME:     PFIZER, INC.

        ADDRESS:   350 N. ST. PAUL STREET, DALLAS, TX 75201

        AGENT (if applicable): C.T. CORP

        TYPE OF SERVICE (see reverse for specific type): citation

SERVICE BY (check one): CONSTABLE ____    NON-RESIDENT ___OUT OF COUNTY _x_


PUBLICATION _____OTHER  : CERTIFIED MAIL_____

(See reverse for types)                              (Specify)

_____

_____



OCT 0 3 2003

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3.    NAME:    SALINAS PHARMACY by serving it's owner Albert David Salinas

      ADDRESS:   480A N. SAM HOUSTON, SAN BENITO, TX 78586

      AGENT (if applicable):

      TYPE OF SERVICE (see reverse for specific type): citation

SERVICE BY (check one): CONSTABLE _X___    NON-RESIDENT ___OUT OF COUNTY _x_

      **AUTHORIZED PERSON: Progressive Messenger**

PUBLICATION _____OTHER _____

(See reverse for types)                                    (Specify)
_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

4.    NAME:

      ADDRESS:

      AGENT (if applicable):

      TYPE OF SERVICE (see reverse for specific type): citation

SERVICE BY (check one): CONSTABLE _____    NON-RESIDENT ___OUT OF COUNTY _x_

      **AUTHORIZED PERSON: Progressive Messenger**

PUBLICATION _____OTHER _____

(See reverse for types)                                    (Specify)
_____


ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME:    D. JOHN NEESE          TEXAS BAR NUMBER/ID NO.: 24002678

MAILING ADDRESS: Williams Bailey Law Firm, 8441 Gulf Freeway, Suite 600,

 Houston, Texas 77017

AREA CODE: 713   TELEPHONE NO.: 230-2200

SERVICE REQUESTS WHICH CAN NOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS
PRIOR TO CANCELLATION.  SERVICE REQUESTS WILL BE REINSTATED UPON APPROPRIATE ACTION
BY THE PARTIES AND FEES REFUNDED UPON REQUEST OR AT THE DISPOSITION OF THE CASE.

SCANNED

OCT U 3 2003

**CAUSE NO. 2003-05-002730-C**

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA, CLERK
OCT 17 2003
_____ CO. TEX.

| | | |
|---|---|---|
| **LILIA GARCIA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **vs.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **WARNER-LAMBERT COMPANY,** | § | |
| **PFIZER, INC., AND SALINAS** | § | |
| **PHARMACY, INC.** | § | **197TH JUDICIAL DISTRICT** |

## ORIGINAL ANSWER OF WARNER-LAMBERT COMPANY LLC

Defendant Warner-Lambert Company LLC (formerly known as Warner-Lambert Company)(hereinafter referred to as "Warner-Lambert" or "Defendant"), subject to the stated defenses and affirmative defenses and without waiving the same, responds to the allegations contained in Plaintiff's petition as follows:

### I.

### General Denial

Subject to such stipulations as may hereafter be made, Warner-Lambert asserts a general denial to Plaintiff's petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Plaintiff be required to prove her charges and allegations against Warner-Lambert by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

### II.

### Affirmative Defenses and Defensive Pleadings

In addition to the foregoing and without waiving the same, Warner-Lambert asserts the following affirmative defenses and defensive pleadings to the allegations made in the Plaintiff's petition:

1.      Plaintiff's petition fails to state a claim upon which relief may be granted.

2.      Plaintiff's alleged injuries were proximately caused by the negligence and/or fault of Plaintiff and/or entities other than Defendant and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Defendant.

3.      Plaintiff's alleged injuries were proximately caused by the misuse of Rezulin® tablets (hereinafter "Rezulin®").

4.      Plaintiff had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiff's claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5.      Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6.      Defendant's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiff may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

7.      Plaintiff's claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

8.      Plaintiff's alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Defendant.

9.      Defendant made no implied warranties to Plaintiff and, if Defendant did make such warranties, the Plaintiff failed to give timely notice of any breach.

10. Plaintiff's warranty claims are barred by a lack of privity.

11. Plaintiff's claims are barred by the learned intermediary doctrine.

12. The causes of action alleged in Plaintiff's petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®. Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13. Defendant is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14. Defendant denies that anyone acting in the manner alleged by the Plaintiff was an agent or servant of Defendant.

15. Plaintiff's claims are barred by the applicable statutes of limitations and/or statute of repose.

16. In the event the jury is allowed to consider the issue of punitive damages, Defendant asserts the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme Court's decision in *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

17. Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only after liability on the merits has been found.

18. Punitive damages are barred under common law and public policies of the State of Texas.

19.　　Any award of punitive damages in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and public policy of this State.

20.　　No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as made by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (4) is permitted to award punitive damages under a vague or arbitrary standard, such as one that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and/or (6) is not subject to trial court and appellate judicial review on the basis of constitutionally adequate and objective standards.

21.　　No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that: (1) exceed what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence, or seek to punish or deter conduct occurring outside this State, or seek to punish or deter

conduct causing harm outside this State; or (2) would result in multiple punitive damages awards for the same course of conduct.

22.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that are not subject to a predetermined limit on the amount that can be imposed, such as a maximum multiple of compensatory damages or a maximum amount, and/or limits to ensure against multiple awards for the same course of conduct.

23.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State because laws regarding the standards for determining liability for punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

24.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar because any award of punitive damages is penal in nature without according to Defendant the same protections that are accorded to criminal defendants.

25.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as such award results in whole or in part from improper or unfair argument by Plaintiff

including without limitation as to Defendant's wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

26.     While Defendant denies that it is liable for any damages in this case, Defendant states that any damage award to Plaintiff that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendant's due process and equal protection guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme.  Additionally, the Texas system of assessing joint and several liability violates Defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.  The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

27.     Plaintiff's claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq.*

28.     Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

29.     Plaintiff's claims are barred by her failure to mitigate damages.

30.     In the unlikely event that Defendant is found liable to the Plaintiff, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiff has received or may hereafter receive by way of any and all settlements arising from Plaintiff's claims and causes of action.

Defendant alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. TEX. CIV. PRAC. & REM. CODE §§33.014-15.

31.     In the unlikely event that Defendant is found liable to the Plaintiff, and only in that event, Defendant affirmatively pleads that it is entitled to contribution from other defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16. Defendant also states that its is entitled to common law indemnity against such other defendants or third parties in accordance with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819-20 (Tex. 1984).

32.     Plaintiff's claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability. Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of patients. In addition, Warner-Lambert provided reasonable instructions or warnings to prescribing physicians.

33.     Plaintiff's complaint is equitably barred because of the Plaintiff's failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Defendant.

34.     Notwithstanding the claims and contentions in the petition, Plaintiff received all or substantially all of the benefit from Rezulin® that the Plaintiff hoped and intended that she would receive,

and to that extent any damages and/or restitution that the Plaintiff might be entitled to recover from Defendant must be correspondingly reduced.

35.    Plaintiff's claims are barred by the lost chance doctrine.

36.    The acts or omissions of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the alleged acts or omissions of Defendant and the Plaintiff's alleged injuries.

37.    The statutory caps upon punitive damages contained in Tex. Civ. Prac. & Rem. Code § 41.008 apply to all punitive damages sought in this case.

38.    Defendant alleges that Plaintiff's damages and injuries alleged in her petition were solely caused by the act or omission of a person or entity not a party to this suit.

39.    Defendant alleges that Plaintiff's alleged injuries and damages are the result of Plaintiff's pre-existing medical conditions and/or disease.

40.    Defendant asserts that it is not vicariously liable under the doctrine of *respondeat superior* for exemplary damages allegedly arising from the conduct of its employees, agents, and/or servants.

## III.

## Amendment and/or Supplementation

Warner-Lambert reserves the right to amend and/or supplement this answer.

WHEREFORE, Defendant Warner-Lambert Company LLC (formerly known as Warner-Lambert Company), prays that the Plaintiff take nothing by her suit, that Defendant recover its costs expended, and that Defendant have such other and further relief to which it is justly entitled.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By: _____

JACK E. URQUHART
State Bar No.20415600
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

ATTORNEYS FOR DEFENDANT
WARNER-LAMBERT COMPANY LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, on this 16th day of October, 2003.

D. John Neese, Jr., Esq.
Robert A. Schwartz, Esq.
John T. Boundas, Esq.
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

MARIA JORK COURTOIS

CAUSE NO. 2003-05-002730-C

| | | |
|---|---|---|
| LILIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| WARNER-LAMBERT COMPANY, | § | |
| PFIZER, INC., AND SALINAS | § | |
| PHARMACY, INC. | § | 197TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF PFIZER INC.

Defendant Pfizer Inc., incorrectly named herein as "Pfizer, Inc." (hereinafter referred to as "Pfizer" or "Defendant"), subject to the stated defenses and affirmative defenses and without waiving the same, responds to the allegations contained in Plaintiff's petition as follows:

### I.

### General Denial

Subject to such stipulations as may hereafter be made, Pfizer asserts a general denial to Plaintiff's petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Plaintiff be required to prove her charges and allegations against Pfizer by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

### II.

### Specific Denials

Defendant further makes the following specific denials:

1.  Pfizer is not liable in the capacity in which it has been sued.

2.  Pfizer was never merged with Warner-Lambert Company.

## III.

### Affirmative Defenses and Defensive Pleadings

In addition to the foregoing and without waiving the same, Pfizer asserts the following affirmative defenses and defensive pleadings to the allegations made in the Plaintiff's petition:

1. Plaintiff's petition fails to state a claim upon which relief may be granted.

2. Plaintiff's alleged injuries were proximately caused by the negligence and/or fault of Plaintiff and/or entities other than Defendant and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Defendant.

3. Plaintiff's alleged injuries were proximately caused by the misuse of Rezulin® tablets (hereinafter "Rezulin®").

4. Plaintiff had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiff's claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5. Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6. Defendant's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiff may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

7. Plaintiff's claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

ORIGINAL ANSWER OF PFIZER INC.  
*Lilia Garcia vs. Warner-Lambert Company, et al.*  
(::ODMA\MHODMA\iManage;460352;1)

Page - 2 -

8.      Plaintiff's alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Defendant.

9.      Defendant made no implied warranties to Plaintiff and, if Defendant did make such warranties, the Plaintiff failed to give timely notice of any breach.

10.     Plaintiff's warranty claims are barred by a lack of privity.

11.     Plaintiff's claims are barred by the learned intermediary doctrine.

12.     The causes of action alleged in Plaintiff's petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®.  Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13.     Defendant is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14.     Defendant denies that anyone acting in the manner alleged by the Plaintiff was an agent or servant of Defendant.

15.     Plaintiff's claims are barred by the applicable statutes of limitations and/or statute of repose.

16.    In the event the jury is allowed to consider the issue of punitive damages, Defendant asserts the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme Court's decision in *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

17.    Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only after liability on the merits has been found.

18.    Punitive damages are barred under common law and public policies of the State of Texas.

19.    Any award of punitive damages in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and public policy of this State.

20.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as made by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (4) is permitted to award punitive damages under a vague or arbitrary standard, such as one that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim

for punitive damages; and/or (6) is not subject to trial court and appellate judicial review on the basis of constitutionally adequate and objective standards.

21.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that: (1) exceed what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence, or seek to punish or deter conduct occurring outside this State, or seek to punish or deter conduct causing harm outside this State; or (2) would result in multiple punitive damages awards for the same course of conduct.

22.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that are not subject to a predetermined limit on the amount that can be imposed, such as a maximum multiple of compensatory damages or a maximum amount, and/or limits to ensure against multiple awards for the same course of conduct.

23.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State because laws regarding the standards for determining liability for punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

24.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this

State, insofar because any award of punitive damages is penal in nature without according to Defendant the same protections that are accorded to criminal defendants.

25.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as such award results in whole or in part from improper or unfair argument by Plaintiff including without limitation as to Defendant's wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

26.    While Defendant denies that it is liable for any damages in this case, Defendant states that any damage award to Plaintiff that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendant's due process and equal protection guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme.  Additionally, the Texas system of assessing joint and several liability violates Defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.  The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

27.    Plaintiff's claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq.*

28.    Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

29.    Plaintiff's claims are barred by her failure to mitigate damages.

30.    In the unlikely event that Defendant is found liable to the Plaintiff, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiff has received or may hereafter receive by way of any and all settlements arising from Plaintiff's claims and causes of action. Defendant alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. TEX. CIV. PRAC. & REM. CODE §§33.014-15.

31.    In the unlikely event that Defendant is found liable to the Plaintiff, and only in that event, Defendant affirmatively pleads that it is entitled to contribution from other defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16. Defendant also states that its is entitled to common law indemnity against such other defendants or third parties in accordance with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819-20 (Tex. 1984).

32.    Plaintiff's claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability. Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of patients. In addition, Warner-Lambert provided reasonable instructions or warnings to prescribing physicians.

33.     Plaintiff's complaint is equitably barred because of the Plaintiff's failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Defendant.

34.     Notwithstanding the claims and contentions in the petition, Plaintiff received all or substantially all of the benefit from Rezulin® that the Plaintiff hoped and intended that she would receive, and to that extent any damages and/or restitution that the Plaintiff might be entitled to recover from Defendant must be correspondingly reduced.

35.     Plaintiff's claims are barred by the lost chance doctrine.

36.     The acts or omissions of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the alleged acts or omissions of Defendant and the Plaintiff's alleged injuries.

37.     The statutory caps upon punitive damages contained in Tex. Civ. Prac. & Rem. Code § 41.008 apply to all punitive damages sought in this case.

38.     Defendant alleges that Plaintiff's damages and injuries alleged in her petition were solely caused by the act or omission of a person or entity not a party to this suit.

39.     Defendant alleges that Plaintiff's alleged injuries and damages are the result of Plaintiff's pre-existing medical conditions and/or disease.

40.     Defendant asserts that it is not vicariously liable under the doctrine of *respondeat superior* for exemplary damages allegedly arising from the conduct of its employees, agents, and/or servants.

**IV.**

**Amendment and/or Supplementation**

Pfizer reserves the right to amend and/or supplement this answer.

WHEREFORE, Defendant Pfizer Inc. prays that the Plaintiff take nothing by her suit, that

Defendant recover its costs expended, and that Defendant have such other and further relief to which it is

justly entitled.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By: _____

JACK E. URQUHART
State Bar No.20415600
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEYS FOR DEFENDANT
PFIZER INC.**

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, on this 16th day of October, 2003.

D. John Neese, Jr., Esq.
Robert A. Schwartz, Esq.
John T. Boundas, Esq.
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

_____
MARIA JORIF COURTOIS

ORIGINAL ANSWER OF PFIZER INC.
*Lilia Garcia vs. Warner-Lambert Company, et al.*
(::ODMA\MHODMA\iManage;460352;1)

**Page - 10 -**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LILIA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. _____ |
| | § | (Removed from the 197TH Judicial District |
| | § | Court of Cameron County, Texas) |
| WARNER-LAMBERT COMPANY, | § | |
| PFIZER, INC. and SALINAS | § | |
| PHARMACY, INC., | § | |
| | § | |
| Defendants. | § | Jury Demanded |

## EXHIBIT D

## ALL ORDERS SIGNED BY THE STATE JUDGE

There were no orders signed by the state court judge in the state court file at the time of removal.

# CIVIL DOCKET · JUDGE'S ENTRIES

## RULE 26-TRCP

CERTIFIED COPY

PAGE: 01

CASE NO. 2003-05-002730-C

| ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|
| | | MONTH | DAY | YEAR |
| | | 05 | 29 | 03 |

JURY FEE $

PAID BY

00499104
D. JOHN NEESE, JR.
8441 GULF FREEWAY, SUITE 600
HOUSTON, TEXAS      77017 5001

(10)

DAMAGES

COURT'S DOCKET (Rule 26, TRCP)

ER, INC. & SALINAS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

OCT 27 2003

BY

DISTRICT COURT CAMERON COUNTY, TEXAS

PAGE: 01

2003-05-002730-C

05    29    03

CERTIFIED COPY

* * * CLERK'S ENTRIES * * *

(10)

DAMAGES

00499104
D. JOHN NEESE, JR.
8441 GULF FREEWAY, SUITE 600
HOUSTON, TEXAS    77017 5001

00523701
JACK E. URQUHART
1300 POST OAK BLVD.,25TH FLOOR
HOUSTON, TEXAS    77056 0000

CIA

IZER, INC. & SALINAS

05/29/03 ORIGINAL PETITION FILED
09/30/03 WILLIAMS BAILEY LAW FIRM REQUEST FOR
         SERVICE /JC
10/01/03 CITATION (CM): WARNER-LAMBERT COMPANY
10/01/03   SERVED: 10/06/03    FILED: 10/10/03
10/01/03 CITATION (CM): PFIZER, INC.
10/01/03   SERVED: 10/06/03    FILED: 10/10/03
10/01/03 CITATION: SALINAS PHARMACY, INC.
10/01/03   SERVED: 10/09/03    FILED: 10/15/03
10/17/03 ORIGINAL ANSWER: WARNER-LAMBERT COMPANY
10/17/03 ORIGINAL ANSWER: PFIZER INC.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
OCT 22 2003
BY_____ DEPUTY

DISTRICT COURT ★ TEXAS
CAMERON COUNTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **LILIA GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | **(Removed from the 197ᵀᴴ Judicial District** |
| | § | **Court of Cameron County, Texas)** |
| **WARNER-LAMBERT COMPANY,** | § | |
| **PFIZER, INC. and SALINAS** | § | |
| **PHARMACY, INC.,** | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

## EXHIBIT F

### INDEX OF MATTERS BEING FILED

State Court Notification of Removal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit A

All Executed Process on File . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B

All Pleadings Asserting Causes of Action and
     All Answers to Such Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit C

All Orders Signed by the State Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D

State Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E

Index of Matters Being Filed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F

List of All Counsel of Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit G

Order Establishing the Judicial Panel on Multi-District Litigation (MDL 1348) . . . . . . Exhibit H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LILIA GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | **(Removed from the 197TH Judicial District** |
| | § | **Court of Cameron County, Texas)** |
| **WARNER-LAMBERT COMPANY,** | § | |
| **PFIZER, INC. and SALINAS** | § | |
| **PHARMACY, INC.,** | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

## EXHIBIT G

### LIST OF ALL COUNSEL OF RECORD

1.      **Counsel for Plaintiff Lilia Garcia:**

D. John Neese, Jr.
State Bar No.: 24002678
Robert A. Schwartz
State Bar No.: 17869670
John T. Boundas
State Bar No.: 00793367
WILLIAMS BAILEY LAW FIRM, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

---

*DOCKET NO. 1348*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE REZULIN PRODUCTS LIABILITY LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of nineteen actions pending in the following federal districts: six actions in the Central District of California; two actions in the Southern District of Ohio; and one action each in the Northern District of Alabama, District of the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, District of New Jersey, Northern District of Ohio, Eastern District of Pennsylvania, Western District of Pennsylvania, and District of South Carolina.[1]  Before the Panel are the following two motions: plaintiff in a Central California action seeks centralization of actions in this litigation, pursuant to 28 U.S.C. §1407, in either that district or the Southern District of Ohio; and plaintiffs in the Northern District of Ohio and Northern District of Alabama actions seek centralization in either of those two districts.  Most responding plaintiffs support centralization, although they disagree regarding the most appropriate transferee district for this litigation.  Defendant Warner-Lambert & Co. (Warner-Lambert) and plaintiffs in three tag-along actions oppose Section 1407 centralization.  If the Panel deems centralization appropriate, Warner-Lambert suggests the Eastern District of Michigan as transferee district.  In addition to these five suggested transferee

---

[1] Five of the Central California actions, one of the Southern District of Ohio actions, and the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, Eastern District of Pennsylvania, Western District of Pennsylvania and District of South Carolina actions were not included in the Section 1407 motions in this docket, but are now included in our transfer order, because all parties to these actions have stated in writing their respective positions and had the opportunity to present oral argument at the Panel's May 19, 2000, hearing in this matter.

The Panel has also been notified that 29 additional potentially related actions are pending as follows: nine actions in the Southern District of Mississippi; four actions in the District of New Jersey; two actions each in the Northern District of Alabama and Central District of California; and one action each in the District of Idaho, District of Kansas, Middle District of Louisiana, District of Massachusetts, Eastern District of Michigan, Western District of Missouri, Northern District of Mississippi, Eastern District of New York, Southern District of New York, Northern District of Ohio, District of Puerto Rico, and Northern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).