United States District Court
Southern District of Texas
FILED

DEC 1 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LILIA GARCIA, | § | Civil Action No. 03-CV-187 |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | Judge Andrew S. Hanen |
| WARNER-LAMBERT COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | Jury Demanded |

## AGREED MOTION TO STAY ALL PRETRIAL PROCEEDINGS PENDING TRANSFER TO MULTI-DISTRICT LITIGATION OR RULING ON MOTION TO REMAND

Defendants Warner-Lambert Company LLC, Pfizer Inc., and Plaintiff Lilia Garcia (collectively "the Parties") file this Agreed Motion to Stay All Pretrial Proceedings Pending Decision Regarding Transfer to Multi-District Litigation or Ruling on Motion to Remand. By this Motion, the Parties request that this Court grant them relief from the requirement that they attend any hearings, file with the Court any initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, file case management plans and/or attend any pretrial proceedings required by the Local Rules of Court pending transfer of this case to the United States District Court of New York as part of the Multi-District Litigation styled *In Re: Rezulin Products Liability Litigation*, Master File No. 00 Civ. 2843 (LAK), MDL-1348. Or, should this Court decide not to defer to the MDL judge and to rule on a motion to remand, should one be filed by plaintiff, the Parties request that a stay, as described above, be issued pending a decision on such motion. In support hereof, the Parties would respectfully show the Court the following:

1.      On or about October 27, 2003, Warner-Lambert Company LLC and Pfizer Inc. removed this case. That same day, the Court issued an Order Setting Conference, setting an initial pretrial conference for March 12, 2004, and instructing the Parties to confer as required by Rule 26(f) and to

submit a joint case management plan at least 14 days before the conference. The Order sets forth other matters relevant to the management of this case. The Parties request that this Court stay all pretrial matters in this case pending transfer to the Rezulin MDL or, should the plaintiff file a motion to remand and should this court decide to rule on any such motion, until a ruling on remand.

2.  This case is subject to transfer to the Rezulin MDL. Specifically, on or about June 9, 2000, the Judicial Panel on Multi-District Litigation consolidated, for pre-trial proceedings, nineteen (19) federal actions involving the diabetic drug, Rezulin. Since that time, hundreds of other Rezulin cases have been transferred to and consolidated with the MDL. The Rezulin MDL proceeding is assigned to the Honorable Lewis A. Kaplan, United States District Court Judge, Southern District of New York.

3.  On November 25, 2003, the MDL Panel issued a Conditional Transfer Order identifying this case as one involving questions of fact which are common to the actions previously transferred to the Rezulin MDL proceeding. *See* Exhibit "A" attached hereto. An Order of Transfer to the MDL is expected to be issued soon and will be provided to the Court by the MDL Panel when issued.

4.  Pursuant to Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multi-District Litigation ("JPMDL"), an Order of Transfer suspends orders and pretrial proceedings in the district court in which the case is pending. Pursuant to Rule 7.6 of the Rules of Procedure of the JPMDL, once a case is transferred, all pre-trial matters regarding the case are handled by the MDL unless the case is remanded. *See* Rule 7.4, 28 U.S.C. foll. § 1407. Such an order would, therefore, suspend any orders and other deadlines entered by this Honorable Court.

5.  Should plaintiff file a Motion to Remand, Defendants Warner-Lambert and Pfizer intend to file an opposition to any such motion requesting that this Court defer ruling on the Motion to Remand pending transfer to the MDL Court or, in the alternative, that the Court deny remand. Deferral allowing for transfer to the Rezulin MDL court is consistent with the decisions of other federal district courts.

6.  The Parties seek a stay of all proceedings, including the requirements of conferring as required by Rule 26(f), attending the initial pretrial conference on March 12, 2004, and submitting a joint case management plan at least 14 days before the conference. The Parties request that the Court stay or vacate the requirements in the Order Setting Conference and seek a stay from filing all initial disclosures pursuant to Federal Rule of Civil Procedure 26 and attending any other hearings that may be scheduled in the future, pending transfer of this matter to the MDL proceedings or, if plaintiff files a motion to remand and if this Court decides to rule on any such motion rather than deferring to the MDL judge, until a decision concerning remand is rendered. A stay will serve the interest of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs.

WHEREFORE, PREMISES CONSIDERED, Defendants Warner-Lambert Company LLC and Pfizer Inc. and Plaintiff Lilia Garcia respectfully pray that this Agreed Motion to Stay All Proceedings Pending Transfer to Multi-District Litigation or Ruling on Motion to Remand be GRANTED, and for such other and further relief to which they may be entitled. A proposed order is being filed concurrently with this motion.

Respectfully submitted,

*[signature]* By Permission *[signature]*

Jack E. Urquhart
Texas Bar No. 20415600
Federal I.D. 2082

**ATTORNEY-IN-CHARGE FOR DEFENDANTS
WARNER-LAMBERT COMPANY LLC AND PFIZER INC.**

**Of Counsel:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, TX 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

By Permission:

*[signature]* By Permission *[signature]*

D. John Neese, Jr.
Texas Bar No. 24002678
Federal I.D. 22641

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**Of Counsel for Plaintiff:**

Robert A. Schwartz
Texas Bar No. 17869670
John T. Boundas
Texas Bar No. 00793367
WILLIAMS BAILEY LAW FIRM, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

## CERTIFICATE OF CONFERENCE

This matter has been discussed with counsel for Plaintiff who agrees to and joins in this motion.

_____
Gail M. Brownfeld

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Agreed Motion to Stay All Proceedings Pending Transfer to Multi-District Litigation or Ruling on Motion to Remand was served by certified mail, return receipt requested, on all known counsel of record on December 11, 2003, as follows:

D. John Neese, Jr.
Robert A. Schwartz
John T. Boundas
WILLIAMS BAILEY LAW FIRM, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, TX 77017

_____
Gail M. Brownfeld

481312.1/032098/032099

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States Court of Appeals
Sixth Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov



November 25, 2003

TO INVOLVED COUNSEL

Re: MDL-1348 -- In re Rezulin Products Liability Litigation

(See Attached Schedule CTO-65)

Dear Counsel:

Attached is a copy of a conditional transfer order filed today by the Judicial Panel on Multidistrict Litigation involving the above matter. The actions are transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: December 10, 2003** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition. Please file one Notice of Opposition (with an attached schedule of actions, if necessary) if you are opposing the transfer of more than one action. A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and encouraged.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By ___Teresa Bishop___
         Deputy Clerk

Attachments



JPML Form 39A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 25 2003

FILED
CLERK'S OFFICE

# DOCKET NO. 1348

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE REZULIN PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-65)

On June 9, 2000, the Panel transferred 19 civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 992 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Lewis A. Kaplan.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Southern District of New York and assigned to Judge Kaplan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of June 9, 2000, and, with the consent of that court, assigned to the Honorable Lewis A. Kaplan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

## SCHEDULE CTO-65 - TAG ALONG CASES
## DOCKET NO. 1348
## IN RE REZULIN PRODUCTS LIABILITY LITIGATION

**DISTRICT  DIV. CIVIL ACTION#**

CALIFORNIA CENTRAL
- CAC   2   03-7457   Virginia Kirkpatrick v. Warner-Lambert Co., et al.
- CAC   2   03-7458   Peter Wozniak v. Warner-Lambert Co., et al.
- CAC   2   03-7459   Charles Gordon v. Warner-Lambert Co., et al.
- CAC   2   03-7460   Shirley Lewan v. Warner-Lambert Co., et al.
- CAC   2   03-7461   Wynema Olson, etc. v. Warner-Lambert Co., et al.
- CAC   2   03-7966   John Villalobos v. Warner-Lambert Co., et al.
- CAC   5   03-1145   Glenda Valencia v. Warner-Lambert Co., et al.

CALIFORNIA EASTERN
- CAE   1   03-6458   Sherry Galvin v. Warner-Lambert Co.
- CAE   1   03-6460   Diane Christ v. Warner-Lambert Co., et al.

CALIFORNIA SOUTHERN
- CAS   3   03-2070   Maria Martinez v. Warner-Lambert Co., et al.

LOUISIANA WESTERN
- LAW   3   03-1625   Lula B. Love v. Parke-Davis Corp., et al.
- LAW   5   03-1400   Larnett Mitchell, et al. v. Warner-Lambert Co., et al.

MISSISSIPPI NORTHERN
- MSN   1   03-612   Thomas Randal Flake, et al. v. Parke-Davis, Inc., et al.
- MSN   4   03-170   Mary Ellis, et al. v. Pfizer, Inc., et al.

TEXAS NORTHERN
- TXN   4   03-1143   Grace Null v. Warner-Lambert Co., et al.
- TXN   4   03-1197   David Sanchez v. Warner-Lambert Co., et al.

TEXAS SOUTHERN
- TXS   1   03-187   Lilia Garcia v. Warner-Lambert Company, LLC, et al.
- TXS   2   03-416   Lori Fraga, etc. v. Warner-Lambert Co., et al.

## INVOLVED COUNSEL LIST (CTO-65)
## DOCKET NO. 1348
## IN RE REZULIN PRODUCTS LITIGATION

Robert E. Barnes
Barnes & Barnes
2315 Calder
P.O. Box 5876
Beaumont, TX 77726

Robert G. Barnes
Kaye Scholer, LLP
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067-6048

Richard T. Bennett
Bennett, Lotterhos, Sulser & Wilson
188 East Capitol Street
One Jackson Place, Suite 1400
P.O. Box 98
Jackson, MS 39205-0098

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

R. Keith Foreman
Mckay, Simpson, Lawler, Franklin
& Foreman, PLLC
P.O. Box 2488
Ridgeland, MS 39158-2488

Hector G. Gancedo
Gancedo & Nieves
144 West Colorado Blvd.
Pasadena, CA 91105

David C. Garza
Garza & Garza
P.O. Box 2025
Brownsville, TX 78522-2025

Thomas V. Girardi
Girardi & Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904

Brian K. Herrington
Herrington & White, PLLC
P.O. Box 12463
Jackson, MS 39236-2463

Liza I. Karsai
Kaye Scholer, LLP
425 Park Avenue
New York, NY 10022

David Wayne Lambert
Lambert Law Office
P.O. Box 359
West Point, MS 39773

T.K. Moffett
Moffett Law Firm, PLLC
401 North Main Street
Armory, MS 38821

D. John Neese, Jr.
Williams Bailey Law Firm, LLP
8441 Gulf Freeway
Suite 600
Houston, TX 77017-5001

Tina B. Nieves
Gancedo & Nieves
144 West Colorado Blvd.
Pasadena, CA 91105

Pierce O'Donnell
O'Donnell & Shaeffer
633 West 5th Street
Suite 1700
Los Angeles, CA 90071-2007

Gregory J. Owen
Owen, Patterson & Owen
23822 West Valencia Blvd.
Suite 201
Valencia, CA 91355

Christine A. Pagac
O'Donnell & Shaeffer, LLP
633 West Fifth Street
Suite 1700
Los Angeles, CA 90071

James C. Patton, Jr.
Crawley Law Office
P.O. Drawer 947
Louisville, MS 39339

Mark Lane Pearson
Law Office Of Mark L. Pearson
P.O. Box 3873
Jackson, MS 39207-3873

James E. Ross, Jr.
Ross Law Firm
602 North 5th Street
P.O. Box 1295
Monroe, LA 71210-1295

Albert D. Salinas
480A N. Sam Houston
San Benito, TX 78586

Robert A. Schwartz
Williams Bailey Law Firm, LLP
8441 Gulf Freeway
Suite 600
Houston, TX 77017-5001

W. James Singleton
Singleton Law Firm
4050 Linwood Avenue
Shreveport, LA 71108

Gary D. Thrash
Singletary & Thrash
P.O. Box 587
600 E. Amite St.
Jackson, MS 39205-0587

Albert H. Turnage
Turnage & Turnage
P.O. Box 325
Monticello, MS 39654-0325

Jack E. Urquhart
Beirne, Maynard & Parsons
Wells Fargo Bank Tower
1300 Post Oak Blvd.
Suite 2500
Houston, TX 77056-3000

Leigh Davis Vernon
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Frank A. Wood, Jr.
Watkins & Eager
The Emporium Building
400 East Capitol Street   Suite 300
P.O. Box 650
Jackson, MS 39205-0650

(a) All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b) The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c) Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d) In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e) If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing or hearings and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Clerk of the Panel shall set the motion for hearing at the next appropriate session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5: MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was filed or came to the attention of the Panel either after the initial hearing before it or too late to be included in the initial hearing, will be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.